HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMEN AVETISYAN,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendant.

Case No. 2:22-cv-00407-RAJ

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Before the Court is Defendant's motion for summary judgment. Dkt. # 4. For the reasons below, the motion is **GRANTED**.

## II.  BACKGROUND

In March 2022, Plaintiff Armen Avetisyan filed a complaint seeking to challenge USCIS's alleged delay in adjudicating his citizenship case or application for naturalization. Dkt. # 1. Avetisyan obtained conditional permanent resident status through his spouse in 2007 and his conditions were removed in 2010. *See* Dkt. # 5, ¶ 1. Avetisyan subsequently filed two separate applications for naturalization and USCIS denied both applications. *Id*., ¶ 2. Avetisyan filed his first naturalization application on September 30, 2011, and USCIS denied the application on October 29, 2012. *Id*., ¶ 5. Avetisyan filed his second naturalization application on September 14, 2012, and USCIS denied the application denied on April 25, 2013. *Id*., ¶ 6. In May 2022, the government moved for summary judgment. Dkt. # 4.

ORDER – 1

### III.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").  The opposing party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

ORDER – 2

## IV.  DISCUSSION

The government claims that Avetisyan's claims under the APA are barred under the general the six-year statute of limitations for claims against the United States. Title 28 U.S.C. § 2401(a) states that: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Section 2401(a) applies to actions for judicial review brought under the APA. *See Wind River Mining Corp. v. United States*, 946 F.2d 10, 712-13 (9th Cir. 1991). The six-year statute of limitations begins to run when the right of action first accrues, which, under the APA, is generally the time of the final agency action. *See* 5 U.S.C. § 704.

Here, USCIS's final agency action regarding Avetisyan's naturalization applications occurred on October 29, 2012 and April 25, 2013, when it denied the applications. This makes the deadline to file an action for undue delay or an action under the APA regarding USCIS's actions approximately October 29, 2018 and April 25, 2019. Avetisyan's March 30, 2022 complaint is beyond the statute of limitations. To the extent Avetisyan seeks relief for the denial of his applications, those claims are also barred by 2401(a)'s six-year statute of limitations.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment. Dkt. # 4. Nothing is this order precludes Avetisyan from filing a new naturalization application with USCIS.

DATED this 15th day of February 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3